# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1454 | **DATE** | 3/1/2002 |
| **CASE TITLE** | R.N.F. Enterprises, Inc. vs. Ecowater Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because LR 81.2 provides an express roadmap for the path that EcoWater should follow to determine the removability or nonremovability of this action, pursuant to Section 1447(c) this Court sua sponte remands this case to the Circuit Court of Cook County for lack of subject matter jurisdiction. This court directs that the certified copy of the remand order be mailed forthwith (see LR 81.2(b)).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 2 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 02 MAR -1 PM 3:25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

R.N.F. ENTERPRISES, INC., et al., )
)
        Plaintiffs, )
)
v. ) No. 02 C 1454
)
ECOWATER SYSTEMS, INC., )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

EcoWater Systems, Inc. ("EcoWater"), seeking to invoke diversity of citizenship jurisdiction under 28 U.S.C. §1332(a)(1),[1] has filed a Notice of Removal ("Notice") to bring this action here from the Circuit Court of Cook County. Although Notice ¶7 satisfactorily sets out the necessary total diversity as between EcoWater on the one hand and the three plaintiffs on the other, this memorandum opinion and order sua sponte remands this action to its place of origin because of EcoWater's failure to establish the other prong of diversity jurisdiction--the requisite amount in controversy--in accordance with this District Court's LR 81.2's implementation of Section 1446.

Removal of diversity cases from the state courts (as contrasted with cases that clearly pose some federal question) are often problematic where the amount in controversy as required under Section 1332(a) is not liquidated--as it would be for

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



example in a suit on a promissory note for more than $75,000 or in a suit on a contract that specifies damages in excess of that jurisdictional floor. That difficulty is squarely presented, for instance, by the provision of Illinois law (which is found in some other states as well) that actually forbids a plaintiff's specification of an ad damnum in personal injury cases (735 ILCS 5/2-604).[2] To avoid any questions in that area, including the possible need for an evidentiary hearing to resolve the threshold issue of subject matter jurisdiction, this District Court some years ago adopted what is now its LR 81.2, which sets out a bright line standard and conditions for removability in such situations of facially indeterminate amounts in controversy.

Although this action charging EcoWater with violation of the Illinois Franchise Disclosure Act is not of the same personal injury type that triggered the original adoption of LR 81.2, plaintiffs' prayer for an indeterminate amount of relief fits that rule precisely. Yet counsel for EcoWater have displayed no awareness of LR 81.2 despite its having been in place for several years. Thus they have effectively confirmed their own client's good faith belief that more than $75,000 is in controversy (for

---

[2] What an Illinois personal injury complaint can properly identify under the cited section is an amount in controversy that lodges the case in one division or another of the Circuit Court system. But because that watershed that separates the Municipal Division from the Law Division in Cook County cases is $50,000, it does not provide the necessary information to mesh with the federal over-$75,000 requirement.

2

which purpose Notice ¶¶10 and 11 satisfy LR 81.2(a)(1)). But that belief is based on an opinion that <u>plaintiffs</u> view the case in those terms: Notice ¶11 speaks only of "a reasonable probability that plaintiffs value [their] right" as being in excess of $75,000, and Notice ¶12 echoes the same "reasonably probable" locution.

That partial compliance with the LR 81.2 requirements is insufficient. What EcoWater and its counsel have failed to do is to take any of the steps called for by LR 81.2(a)(2) to obtain plaintiffs' actual perception of what is at stake.³ For aught that appears, plaintiffs' generalized allegations may reflect their willingness to content themselves with a judgment that does not reach the over-$75,000 floor (in which respect a party's desire to stay in the state court system rather than to litigate in federal court is an entirely permissible motivation for such a decision).

Because LR 81.2 provides an express roadmap for the path that EcoWater should follow to determine the removability or nonremovability of this action, pursuant to Section 1447(c) this Court sua sponte remands the case to the Circuit Court of Cook County for lack of subject matter jurisdiction. And to

---

³ This is not a case like <u>In re Ford Motor Co./Citibank (S.D.), N.A. Cardholder Rebate Program Litig.</u>, 264 F.3d 952 (9th Cir. 2001), in which the Supreme Court has just granted certiorari in its Dkt. No. 01-896 (70 U.S.L.W. 3503, 3514 (Feb. 19, 2002)).

3

facilitate EcoWater's ability to follow that path expeditiously, this Court directs that the certified copy of the remand order be mailed forthwith (see LR 81.2(b)). Finally, two other matters are worth noting in light of the apparent unfamiliarity of EcoWater's counsel with at least some of the provisions of the local rules:

1. Under LR 81.2(a) the 30-day clock for removal specified in Section 1446(b) has not yet begun to tick--a matter specifically addressed in LR 81.2(a).

2. If and when this action may prove to be removable in the future, this District Court's LR 40.3(b)(3) will preserve the integrity of the random assignment system by calling for direct assignment of the case to this Court's calendar.

Milton I. Shadur
Senior United States District Judge

Date: March 1, 2002

4